M.M. *v.* STATE of Arkansas

02-107                                                88 S.W.3d 406

Supreme Court of Arkansas
Opinion delivered October 24, 2002

*Jeff Rosenzweig*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice. This appeal presents several challenges to Arkansas' rape shield statute. M.M., a juvenile, was charged in Lonoke County Juvenile Court with the rape of J.H. and sexual misconduct with A.H.[1] The rape charges were filed pursuant to Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997), which provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. The victim, J.H., was born in

---

[1] J.H. and A.H. are unrelated. Appellant M.M. and the victims are referenced by their initials following this court's May 2, 2002, decision to grant M.M.'s motion for anonymity in the appellate proceedings.

October of 1991, and was less than fourteen during the time period in which the rape was alleged to have taken place, between May 1999 and October 2000. The trial court subsequently dismissed M.M.'s charge pertaining to A.H., but adjudicated M.M. a delinquent and committed him to the Department of Youth Services based on the charge involving J.H.

Prior to the rape trial, M.M. moved to present testimony bearing on J.H.'s prior sexual conduct. Particularly, he sought to introduce evidence that would show (1) J.H.'s mother had told M.M. she previously caught J.H. with A.H. engaged in sexual activity, and (2) M.M. would testify that he had previously discovered J.H. and A.H. together in a sexual position. M.M. also contended that Arkansas' rape shield statute, Ark. Code Ann. § 16-42-101 (Repl. 1999), is unconstitutional, and further asserted that, even if the statute is constitutional, the statute should not be applicable to juvenile proceedings. The trial court rejected M.M.'s arguments, and also held that the evidence M.M. sought to introduce was irrelevant and therefore inadmissible.

On appeal, M.M. raises five points for reversal. We first address his fourth point, wherein he argues that the rape shield statute is unconstitutional as a violation of the separation-of-powers doctrine. He maintains that the statute represents "an incursion into the right of the supreme court to prescribe rules of procedure under the doctrine enunciated in *State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990), and *Casement v. State*, 318 Ark. 225, 884 S.W.2d 593 (1994)." In *Sypult, supra*, this court held that it would defer to the General Assembly when conflicts arise, only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise, our rules remain supreme. *Sypult*, 304 Ark. at 7.

M.M. acknowledges that this court addressed this issue in *Sera v. State*, 341 Ark. 415, 17 S.W.3d 61 (2000), wherein the court clearly held that it did not view the rape shield statute as having supplanted this court's rule-making power and ability to control the courts. We need not dwell on this point any further,

because our decision in this case turns largely on M.M.'s other contentions.

■ Among these other arguments is M.M.'s assertion that the rape shield statute is inapplicable in juvenile proceedings. While we agree with M.M. on this point, we do not agree that this argument warrants reversal. On several occasions, this court has noted the distinction between a criminal prosecution and a juvenile delinquency proceeding. *See Golden v. State*, 341 Ark. 656, 21 S.W.3d 801 (2000); *Hunter v. State*, 341 Ark. 665, 19 S.W.3d 607 (2000); *K.M. v. State*, 335 Ark. 85, 983 S.W.2d 93 (1998). Further, the Arkansas juvenile code requires the application of the Arkansas Rules of Evidence and the Arkansas Rules of Criminal Procedure. *See* Ark. Code Ann. § 9-27-325(e) & (f) (Repl. 2002).

In *K.M. v. State*, this court noted that Arkansas has "two distinct systems that are governed by two separate acts: (1) the Arkansas Criminal Code, Ark. Code Ann. §§ 5-1-101 to 5-77-301 (Repl. 1997), which governs proceedings in the circuit court, and (2) the Arkansas juvenile code, Ark. Code Ann. §§ 9-27-101 to 9-33-206 (Repl. 1998), which governs proceedings in the juvenile court." In *K.M.*, this court held that the insanity-defense statute, Ark. Code Ann. § 5-2-312 (Repl. 1997), was contained in the criminal code and had no corresponding provision in the juvenile code; therefore, the insanity defense was not available in juvenile adjudications. *K.M.*, 335 Ark. at 94. *See also Hunter, supra* (holding Ark. Code Ann. § 16-97-103 (Supp. 1999), the victim-impact evidence statute, is inapplicable in juvenile proceedings because it is neither a rule of evidence nor a rule of criminal procedure).[2]

■ Moreover, the rape shield statute itself sets out in clear words that it is to be applied "[i]n any criminal prosecution" involving rape or other sexual offenses. *See* § 16-42-101(b). Because a juvenile-delinquency proceeding is not a criminal pros-

---

[2] We note that the General Assembly enacted Act 987 of 2001, codified at Ark. Code Ann. § 9-27-325(k) (Repl.2002), which provides that "In delinquency proceedings, juveniles are entitled to all defenses available to defendants in circuit courts."

ecution, we believe that there is merit to M.M.'s argument that the rape shield statute is inapplicable to this proceeding.

However, our inquiry does not end simply because we hold the rape shield statute inapplicable to M.M.'s juvenile delinquency charge, since the trial court otherwise correctly found that the prior sexual history of the victim, J.H., was entirely irrelevant to the crime with which M.M. was charged. In this connection, our court must decide whether the trial court in this juvenile proceeding abused its discretion in excluding M.M.'s proffered testimony on the basis of that testimony's irrelevance under the Arkansas Rules of Evidence.[3]

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401., M.M. argues that evidence that J.H. had engaged in sexual practices with no connection to M.M. made more probable M.M.'s denial of any sexual involvement with J.H. Further, he asserts, because he was denied the right to inquire of any of the other witnesses concerning J.H.'s sexual history, he was deprived of the right to demonstrate that any admissions by any of those witnesses would enhance M.M.'s credibility on this score.

However, M.M. was charged with rape under § 5-14-103(a)(4), which provides that one commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. That same subsection provides that it is an affirmative defense to prosecution under § 5-14-103(a)(4) if the actor was not more than two years older than the

---

[3] Although M.M. suggests that this court should conduct a *de novo* review, rather than apply our abuse-of-discretion review to a trial court's evidentiary ruling, we decline to do so. This court has consistently held that, in matters relating to the admission of evidence under Ark. R. Evid. 401, a trial court's ruling is entitled to great weight and will not be reversed absent an abuse of discretion. *See Cook v. State*, 345 Ark. 264, 45 S.W.3d 820 (2001); *Cobb v. State*, 340 Ark. 240, 12 S.W.3d 195 (2000).

victim.[4] This court has held that a person who has sexual intercourse or deviate sexual activity with one less than fourteen years of age is guilty of the crime, regardless of how old he or she thought the victim was, and regardless of whether there was consent. *Clay v. State*, 318 Ark. 550, 886 S.W.2d 608 (1994). When consent is not an issue, whether the victim had sexual relations with another person is "entirely collateral." *Evans v. State*, 317 Ark. 532, 878 S.W.2d 750 (1994). In *Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002), this court wrote as follows:

> It is difficult to understand what relevance [the victim's] other sexual encounters have to do with whether Ridling was having sex with her before her fourteenth birthday. Unfortunately, the fact that she was having sex with one older man does not prevent her from having sex with a second older man at the same time. Evidence that she was having sex with [a man other than Ridling], therefore, could not have been relevant to the jury's determination of whether or not she was having sex with Ridling before reaching the age of fourteen. . . . Because [the victim's] relationship with [the other man] was irrelevant to the question of [the victim's] age when she began having sexual intercourse with Ridling, the trial court did not abuse its discretion in excluding it.

*Ridling*, 348 Ark. at 226.

■ *Ridling* is squarely on point with the present case. As in *Ridling*, the question to be decided in this case was whether or not M.M. engaged in sexual intercourse or deviate sexual activity with another person who was less than fourteen years of age. The testimony M.M. sought to introduce was evidence of the victim's sexual history, but because the victim was under the age of fourteen, the child's sexual past was completely irrelevant to the question of whether or not M.M. engaged in sexual activity with J.H. In short, the purpose of Ark. R. Evid. 403 is to exclude irrelevant

---

[4] Ark. Code Ann. § 5-14-103 was amended in 2001. However, with respect to the rape of a person under the age of fourteen, that part of the statute did not change; in the amended statute, the paragraph structure is different, and the affirmative defense applies if the actor was not more than three years older than the victim. Because M. M. was charged in November of 2000, these amendments are not applicable to this case.

evidence when such proof is prejudicial, confusing, or misleading. Certainly, when evidence of a victim's past sexual conduct has nothing to do with the defendant's guilt, that evidence can be prejudicial, confusing, and misleading. Therefore, the trial court clearly did not abuse its discretion in determining that the testimony was irrelevant.[5]

In M.M.'s final argument, he claims that, after the trial court adjudicated him a delinquent, the court erred in refusing to conduct a risk assessment under Ark. Code Ann. § 9-27-330 (Repl. 2002). That statute provides, in pertinent part, as follows:

> (a) If a juvenile is found to be delinquent, the court may enter an order making any of the following dispositions based upon the best interest of the juvenile:
>
> (1)(A) Transfer legal custody of the juvenile to any licensed agency responsible for the care of delinquent juveniles or to a relative or other individual;
>
> (B)(i) *Commit the juvenile to a youth services center using the risk assessment system for Arkansas juvenile offenders distributed and administered by the Administrative Office of the Courts.*
>
> (B)(ii) The risk assessment may be modified by the Juvenile Committee of the Arkansas Judicial Council with the Division of Youth Services.
>
> (iii) In an order of commitment, the court may recommend that a juvenile be placed in a community-based program instead of a youth services center and shall make specific findings in support of such a placement in the order.
>
> (iv) Upon receipt of an order of commitment with recommendations for placement, the Division of Youth Services of the Department of Human Services shall consider the recommendations of the committing court in placing a youth in a youth services facility or a community-based program.

(Emphasis added.)

---

[5] M.M. raises an additional point regarding the trial court's exclusion of evidence pertaining to the victim's prior sexual history, arguing that the trial court erred substantively and procedurally in its application of the rape shield statute to this case. However, because we have concluded that the rape shield statute is inapplicable in juvenile proceedings, we do not address this point.

M.M. argued that § 9-27-330 required the court to use the risk assessment system if it intended to sentence him to the Division of Youth Services ("DYS"). On appeal, M.M. contends that, "upon reversal," this court should require the trial court to conduct the risk assessment, and not defer it to Youth Services.

■ However, we conclude that this issue is moot. M.M. was born on June 2, 1984, and is therefore over the age of eighteen as of the date of this opinion. Under Ark. Code Ann. § 9-27-331(a)(1), "[a] commitment to the Division of Youth Services of the Department of Human Services is for an indeterminate period *not to exceed the eighteenth birthday of a juvenile*, except as otherwise provided by law." (Emphasis added.) The record does not reflect that M.M. was adjudicated delinquent under the Extended Juvenile Jurisdiction Act, Ark. Code Ann. § 9-27-501 *et seq*. (Repl. 2002), under which his disposition could have been extended. *See* § 9-27-331(b)(1)(A) (stating that § 9-27-331(a) does not apply to extended juvenile jurisdiction offenders). Because M.M. is now past his eighteenth birthday, any issue regarding his commitment to DYS is moot.

Affirmed.

## SUPPLEMENTAL DISSENTING OPINION ON DENIAL OF PETITION FOR REHEARING

02-107                                          88 S.W.3d 406

Supreme Court of Arkansas
Delivered November 14, 2002

*Jeff Rosenzweig,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice, dissenting. In his petition for rehearing, M.M. cites Ark. Code Ann. § 9-28-206 (Repl. 2002), which provides that a juvenile may be committed to the Division of Youth Services "for an indeterminate period not to exceed the twenty-first birthday of the juvenile." In our opinion, the court relied on Ark. Code Ann. § 9-27-331(a)(1), which provides "[A] commitment to [DYS] . . . is for an indeterminate period not to exceed the eighteenth birthday of a juvenile except as otherwise provided by law." Based on § 9-27-331(a)(1), we concluded that, because M.M. is now past his eighteenth birthday, any issue regarding his commitment to DYS is moot. Relying on the language in § 9-28-206, M.M. argues that he presently remains in custody, therefore, the issue of his commitment is not moot.

It appears the foregoing statutes may be in conflict, and § 9-27-331(a)(1) *may* be repealed by implication, since § 9-28-206 is the later enactment. However, as the State points out, even if § 9-28-206 is the controlling law, M.M. has shown no prejudice resulting from the court's disposition of M.M.'s case because of the seriousness of the offense of rape, a Class Y felony, and the trial judge's comments that he was not inclined to recommend M.M. be placed in a community-based program.

■ While this court need not address whether the above statutes are in conflict or which one may be controlling, we do uggest to the General Assembly that it may wish to clarify this apparent conflict so as to resolve the issue. We otherwise conclude that M.M.'s petition for rehearing is denied.