STATE of Arkansas *v.* Jose BLANDIN

CR 06-1117                                    257 S.W.3d 68

Supreme Court of Arkansas
Opinion delivered May 10, 2007

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellant.

*William O. "Bill" James, Jr.*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The State brings this interlocutory appeal pursuant to the rape-shield statute, Ark. Code Ann. § 16-42-101(c) (Repl. 1999), and Ark. R. App. P. – Crim. 3 (2006). Appellee Jose Blandin was charged under Ark. Code Ann. § 5-14-103 (Repl. 2006) with the anal rape of G.C., a nine-year-old girl. Prior to trial, Blandin requested a rape-shield hearing pursuant to section 16-42-101(c). At the hearing, the circuit court granted the State's motion to introduce evidence, under Ark. R. Evid. 404(b) (2006), of G.C.'s statements that, before the rape, Blandin rubbed on her vagina while she was taking a bath. In response, the defense requested permission to introduce evidence of G.C.'s allegations of sexual abuse against three other men in order to show that G.C. obtained her sexual knowledge from a source other than Blandin. Namely, the defense wished to introduce statements G.C. made concerning three past incidents in which two men rubbed

on her "privates" and another man forcibly kissed her. Upon hearing the arguments of counsel and testimony from G.C. and Detective Marilyn Scott, the investigating officer in the instant case, the circuit court granted Blandin's motion. However, the circuit court limited the admission of the evidence to show (1) the time line of the prior allegations, and (2) the similarity and language that was used by the victim.

Pursuant to Ark. Code Ann. § 5-14-103(a)(3)(A), "a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person . . . [w]ho is less than fourteen (14) years of age." Generally, when a criminal defendant is charged with violating section 5-14-103(a)(3)(A) consent is not an issue, and the State must only prove that (1) the defendant engaged in intercourse or deviate sexual activity with the victim and (2) the victim was under fourteen (14) years of age at the time of the sexual act. *See M.M. v. State*, 350 Ark. 328, 88 S.W.3d 406 (2002).

Pursuant to the rape-shield statute, Ark. Code Ann. § 16-42-101, a criminal defendant is barred from introducing certain evidence to prove his or her defense:

> (b) [O]pinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, *evidence of a victim's prior allegations of sexual conduct with the defendant or any other person*, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations *is not admissible by the defendant*, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

Ark. Code Ann. § 16-42-101(b) (emphasis added). However, "evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person" may be admitted at trial if the defendant files a written motion for a rape-shield hearing, and, following the hearing, the circuit court "determines that the offered

proof is *relevant to a fact in issue,* and that its *probative value outweighs its inflammatory or prejudicial nature.*"[1] Ark. Code Ann. § 16-42-101(c) (emphasis added).

The purpose of the rape-shield statute is to protect victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the pending charges, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Harris v. State,* 322 Ark. 167, 907 S.W.2d 729 (1995). The circuit court is vested with a great deal of discretion in ruling whether evidence is relevant and admissible under the exception to the rape-shield statute. *Graydon v. State,* 329 Ark. 596, 953 S.W.2d 45 (1997). Accordingly, we will not overturn the circuit court's decision unless it constituted clear error or a manifest abuse of discretion. *Id.*

We have generally held that when consent is not an issue, the victim's prior sexual conduct with another person is entirely collateral. *See M.M. v. State, supra.* Nevertheless, in our recent opinion in *State v. Townsend,* 366 Ark. 152, 233 S.W.3d 680 (2006), we recognized that evidence of a child victim's prior sexual conduct could be relevant to rebut the weighty inference that the victim must have received his or her knowledge of sexual matters from the alleged encounters with the defendant.[2] *See id.*

---

[1] Justice Corbin's concurring and dissenting opinion attempts to circumvent the statutory scheme of Ark. Code Ann. § 16-42-101 through its argument that prior sexual conduct of a child victim is "simply not relevant." As quoted above, while subsection (b) of that statute generally prohibits the admission of evidence of a victim's prior sexual conduct, subsection (c) provides an exception to that prohibition by way of a rape-shield hearing. The text of section 16-42-101 does not exclude child victims from the application of subsection (c). When the victim is a child, *State v. Townsend, infra,* simply provides a framework for circuit courts to use in conjunction with section 16-42-101(c).

[2] Despite any protest to the contrary, the *Townsend* court clearly explained why a child victim's descriptions of prior sexual abuse may be relevant. We stated that a comparison of the victim's descriptions of the prior and current sexual abuse could tend to show the victim's "degree of sexual knowledge at the time of each incident" and thereby mitigate the assumption that the victim obtained his or her current sexual knowledge from the defendant. *State v. Townsend, supra,* 366 Ark. at 158, 233 S.W.3d at 685 (2006). In fact, Justice Corbin's concurring and dissenting opinion cites a portion of our reasoning as to why such evidence may be relevant, but the dissent omits the very next sentence, which states "[t]he similarity requirement makes it more likely that the sexual knowledge displayed by a victim in one case was actually derived from a prior encounter, and that assumption is essential to the defendant's argument in these situations." *Id.* at 158, 233 S.W.3d at 685 (2006).

In *Townsend*, we adopted a five-factor test from *Pullizzano v. State*, 456 N.W.2d 325 (Wis. 1990), for determining whether evidence of a child victim's prior sexual conduct is admissible for the limited purpose of proving an alternative source for the child's sexual knowledge. For the evidence to be admissible, the defendant must offer proof

> (1) that the prior act clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to the defendant's case; (5) that the probative value of the evidence outweighs its prejudicial effect.

*State v. Townsend*, 366 Ark. at 158, 233 S.W.3d at 685. In adopting the *Pulizzano* factors, we stated,

> [T]his analytical approach has merit when ruling on the admissibility of a child's previous sexual experiences. We also believe that a comparison of the child's descriptions of the respective sexual encounters is relevant in cases such as these, because if a description is given after the first incident but before the second, it provides a basis for assessment and comparison of the child's degree of sexual knowledge at the time of each incident. Also, the use of common or similar terms or phrases by the child in various descriptions may indicate a congruent similarity of acts in different incidents, and is therefore relevant. The similarity requirement makes it more likely that the sexual knowledge displayed by a victim in one case was actually derived from a prior encounter, and that assumption is essential to the defendant's argument in these situations.

*Townsend*, 366 Ark. at 158, 233 S.W.3d at 685.

The State argues that the evidence of G.C.'s prior allegations does not satisfy the *Townsend* test because Blandin never proved that the allegations were relevant to his defense or even to the act for which Blandin was charged — rape. Blandin, on the other hand, argues that G.C.'s use of similar language to describe both the prior abuse and her alleged encounters with him is relevant to show that he did not commit the charged act. Blandin also argues that because this court has held that the testimony of a rape victim is sufficient to sustain a rape conviction, *see Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998), G.C.'s testimony about the prior allegations is sufficient to prove that the prior allegations

were true and the prior incidents of sexual abuse did actually occur. We agree with the State and reverse and remand.[3]

Even assuming, without deciding, that a victim's testimony as to prior sexual acts is sufficient to prove that the prior acts actually occurred, the evidence here still does not satisfy the second factor under *Townsend*. In that case, Townsend was charged with raping his six-year-old step-granddaughter. *See State v. Townsend*, *supra*. When explaining the acts Townsend performed on her, the victim used graphic descriptions, including descriptions of positions he placed her in, how he penetrated her, how he disrobed her, where the abuse took place, and detailed descriptions of Townsend's penis. *Id*. For rebuttal, the circuit court allowed Townsend to introduce the victim's statements concerning how another man abused her when she was four years old. *Id*. In those statements, however, the victim used vague terms such as "his thingy," and the victim's language was unclear as to whether the prior perpetrator ever penetrated the victim or whether the victim and perpetrator were clothed when the incident occurred. *Id*.

We reversed on the second factor — the similarity of the prior incident to the charged act. *Id*. After examining the victim's descriptions of both incidents we concluded that "[the victim's] descriptions of the two incidents are substantially dissimilar as to definition and terminology, which supports the conclusion that [the victim] acquired her current stock of sexual knowledge after the first incident, and the respective descriptions show little similarity between the two acts described." *Id*. at 158-59, 233 S.W.3d at 685 (2006).

Likewise, here the victim's descriptions of the prior abuse and the charged act are very dissimilar. In her allegations of prior abuse, G.C. stated that her Grandpa Larry "rubbed on her private spot" when she was five (5) years old and, at some point later, her Uncle James "wiped in her private spot" while she was bathing. Finally, G.C. alleged that in December 2005, a man named Carlos, who was living in her mother's home, pushed her onto the couch and kissed her. However, when she described Blandin's actions toward her, G.C. stated that Blandin "rubbed on her privates" while she was bathing and later "stuck his privates into [her] butt."

---

[3] At this juncture, we would point out that, even though Justice Corbin calls for this court to overturn *Townsend*, neither party has asked us to overrule our decision in that case.

The acts described by G.C. are strikingly dissimilar. When G.C. described the prior abusers she simply stated that the men rubbed on her private area, but, with regard to Blandin, she described a completely different act — anal rape. If anything, the shift in G.C.'s descriptions from that of a man touching her genitalia to Blandin's male genitalia penetrating her anus implies an evolution in her sexual knowledge after her alleged encounters with Blandin. Moreover, although G.C. did use similar language and describe similar acts in her statements regarding both Uncle James and Blandin rubbing on her "privates" during her bath, the statement concerning Blandin was only introduced as a prior bad act under Rule 404(b) and did not describe the charged crime.

Additionally, the evidence of G.C.'s allegations of prior abuse is inadmissible for another reason. As previously quoted above, in *Townsend* we adopted the five-factor test because "a comparison of the child's descriptions of the respective sexual encounters is relevant in cases such as these, because *if a description is given after the first incident but before the second,* it provides a basis for an assessment and comparison of the child's degree of sexual knowledge at the time of each incident." *State v. Townsend,* 366 Ark. at 158, 233 S.W.3d at 685 (2006). In *Townsend,* we examined statements the victim made to police when she was four years old and statements she made two years later. *See id.* In the instant case, however, no evidence was presented as to G.C.'s statements at the time that the alleged prior abuse occurred. Instead, the testimony at the hearing only related what G.C. said during her interview with Detective Scott and not what she said after each alleged incident of prior abuse. Thus, the purpose of the test — to compare the similarity of G.C.'s statements made prior to the occurrence of the charged acts with those statements made after the charged acts — was frustrated in this case.

Accordingly, we conclude that, under our *Townsend* analysis, the evidence of G.C.'s allegations of prior abuse is not relevant to the current rape charge against Blandin. The circuit court clearly erred in ruling otherwise. Therefore, we reverse the court's order granting Blandin's motion under the rape-shield statute and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

CORBIN, BROWN, and GUNTER, JJ., concurring in part; dissenting in part.

DONALD L. CORBIN, Justice, concurring in part, dissenting in part. While I agree with the outcome in the present case, I write separately to emphasize my belief that this court's decision in *State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006), should be overruled. Originally, I joined in the majority opinion in *Townsend*, but upon further reflection, I have come to the conclusion that our decision in that case runs contrary to the overall intent of the rape-shield statute, codified at Ark. Code Ann. § 16-42-101(c) (Repl. 1999).

It has long been recognized that the purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45 (1997). Moreover, as the majority correctly points out, this court has held that evidence intended to impeach a victim's credibility is improper under the rape-shield statute, especially in cases in which the defendant is accused of raping someone under the age of fourteen, because "[w]hen consent is not an issue, whether the victim had sexual relations with another person is 'entirely collateral.' " *M.M. v. State*, 350 Ark. 328, 333, 88 S.W.3d 406, 409 (2002) (citing *Evans v. State*, 317 Ark. 532, 878 S.W.2d 750 (1994)). Despite this clearly stated precedent, our court in *Townsend*, 366 Ark. 152, 233 S.W.3d 680, carved out an exception that now allows a defendant to delve into a victim's prior sexual contact thereby subjecting victims to even more humiliation and degradation.

A review of our decision in *Townsend* reveals that it is a significant departure from this court's previous conclusions that evidence of a minor victim's prior sexual activity is not relevant or admissible in a subsequent court proceeding. *See, e.g., Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004) (holding that evidence that minor victim had made prior sexual-abuse allegations against her former stepfather was inadmissible under the rape-shield statute); *M.M.*, 350 Ark. 328, 88 S.W.3d 406 (holding that evidence of prior sexual history of a nine-year-old child was not admissible in defendant's trial for rape because it was irrelevant); and *Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002) (holding that evidence of the victim's prior sexual encounters was irrelevant and thus inadmissible where the defendant had sexual intercourse with someone less than fourteen years of age). Despite this court's clearly established precedent that prior sexual history is particularly irrelevant in cases involving a victim less than fourteen years of age,

the court in *Townsend*, 366 Ark. 152, 233 S.W.3d 680, chose to look to other jurisdictions to determine whether evidence that the victim had been previously raped when she was four years of age was somehow admissible. Ultimately, this court decided to adopt the test set out by the Wisconsin Supreme Court in *State v. Pulizzano*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990), to answer the issue raised in *Townsend*. I now realize the error in this approach. In adopting the *Pulizzano* factors, this court stated:

> We think that this analytical approach has merit when ruling on the admissibility of a child's previous sexual experiences. We also believe that a comparison of the child's descriptions of the respective sexual encounters is relevant in cases such as these, because if a description is given after the first incident but before the second, it provides a basis for an assessment and comparison of the child's degree of sexual knowledge at the time of each incident. Also, the use of common or similar terms or phrases by the child in the various descriptions may indicate a congruent similarity of the acts in different incidents, and is therefore relevant.

366 Ark. at 158, 233 S.W.3d at 685. It is interesting to me that while this court announced that a child's prior sexual knowledge is now relevant, the opinion made no effort to explain how it is relevant.

Simply put, this court should overrule *Townsend* and the test it adopted because evidence of prior sexual conduct of a victim less than fourteen years of age is simply not relevant or admissible. Moreover, the *Pulizzano* test was originally adopted by the Wisconsin court in the limited context of a finding that the defendant's rights to confrontation and compulsory process were denied where she was prohibited from presenting evidence of a minor victim's prior sexual assault that the court deemed to be relevant. *See State v. Dunlap*, 250 Wis. 2d 466, 640 N.W.2d 112 (2002) (explaining that the court adopted the five-factor test in order to balance the interests of the defendant and the complainant and to determine when a defendant's right to present a defense should supersede the state's interest in protecting the complainant). In adopting the test in *Townsend*, 366 Ark. 152, 233 S.W.3d 680, this court took the test out of context, and it can now be used by defendants to impeach the credibility of minor victims by delving into their sexual histories. Because I believe that *Townsend* is a significant departure from this court's well-established precedent, I believe it should be overruled.

Concurring in part; dissenting in part.

R OBERT L. BROWN, Justice, concurring in part, dissenting in part. I, too, would reverse and remand, but I would do so to require the circuit judge to first perform the *Townsend* analysis. *See State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006). In *Townsend*, this court adopted five factors to be used by the circuit judges of this state for determining prior knowledge of a child of sexual events and terminology. In the case before us today, the circuit judge did not make the findings or conclusions, as required by *Townsend*.

The majority does the analysis for the circuit judge, including making findings under *Townsend* and reaching conclusions, which is totally at odds with our role as an appellate court. We would be better served remanding the case and requiring the circuit judge to make the necessary findings. This could be done by the judge solely based on the record of the rape-shield hearing that has already taken place and would not cause an inordinate delay.

For this reason, I concur in the result but I disagree with the majority's reasoning for doing so.

GUNTER, J., joins.