2010 Ark. 65

**Joseph H. BELL, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–774.**

Supreme Court of Arkansas.

Feb. 12, 2010.

PER CURIAM.

In 2005, following a trial to the court, appellant Joseph H. Bell was found guilty of rape and sentenced to 240 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment and granted appellant's attorney's motion to withdraw on a no-merit brief. *Bell v. State*, CA CR 05–1345, 2007 WL 105424 (Ark.App. Jan. 17, 2007) (unpublished). Appellant filed a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2007) that was denied after a hearing. Appellant brings this appeal of that order. We find no error and affirm.

Appellant raises three points on appeal, as follows: (1) that he was denied effective assistance of counsel; (2) that the prosecution led the victim throughout her testimony and engaged in prosecutorial misconduct; (3) that the trial court erred in allowing introduction of testimony concerning the rape without supporting technological evidence. Appellant argues that counsel was ineffective in not preserving the issue of sufficiency of the evidence by moving for a directed verdict; by failing to perform any investigation, secure DNA testing, or medical expert testimony; in discussing the case with the prosecution; for failing to invoke the rape shield statute; and for failing to argue that the victim said someone else had raped her. In his second point, appellant contends that counsel allowed the prosecu-

tor to lead the victim, complains again that counsel was ineffective for failing to investigate the medical exam conducted upon the victim or the victim's statements about other people raping her, alleges counsel talked to and acted in conjunction with the prosecution, and contends that there was no evidence against him other than the victim's testimony. In his third point, appellant alleges that DNA evidence from the victim's bloody panties would have exonerated him, that his due-process rights were violated because that evidence and the testing were not available to him, and that counsel failed to conduct adequate investigation concerning those issues or that the victim had fabricated her story.

■ This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Britt v. State,* 2009 Ark. 569, 349 S.W.3d 290. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Here, addressing appellant's allegations as to ineffective assistance of counsel, the trial court found (1) that counsel was not ineffective, (2) that counsel's conduct fell within the range of competent counsel, (3) that counsel "gave up nothing" by failing to move for a directed verdict, (4) that the rape shield statute is ordinarily used to prevent rather than permit cross-examination of the victim and that there was no basis for a departure from that prohibition, (5) that there were few leading questions asked by the prosecution and none that suggested new information to the victim, (6) that any possible DNA testing would not provide relevant results or utilize evidence with an adequate chain of custody, and (7) that there was no basis for any

additional allegations contained in the petition.

Our standard of review on appeal from a trial court's denial of postconviction relief as to a claim of ineffective assistance of counsel requires that we utilize the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *French v. State,* 2009 Ark. 443, 2009 WL 3047356 (per curiam). Taking into consideration the totality of the evidence, we determine whether the trial court clearly erred in holding that counsel's performance was not ineffective. *Id.* Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Id.* at 3; *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam).

■ In appellant's first claim of ineffective assistance of counsel raised on appeal, he asserts that counsel failed to preserve the issue of sufficiency of the evidence by moving for a directed verdict. The trial court correctly determined that appellant was not prejudiced; that is, that counsel "gave up nothing" by failing to move for a directed verdict. The victim's testimony on the record established the elements of the rape charge, and that testimony alone was sufficient to support the verdict. *See Kelley v. State,* 375 Ark. 483, 292 S.W.3d 297 (2009) (holding that a rape victim's testimony may constitute substantial evidence to sustain a conviction for rape, even when the victim is a child). Counsel is not ineffective for failing to make an argument that is meritless. *Johnson v. State,* 2009 Ark. 552, 2009 WL 3681646 (per curiam).

■ Appellant next contends that counsel was ineffective because he failed to investigate the case, did not secure DNA evidence testing, and did not obtain expert medical testimony. The trial court found that there was no basis for the allegations and that any DNA testing would not have resulted in admissible evidence relevant to the charge at issue. The trial court's findings on this issue were not clearly erroneous.

The testimony at trial established that the victim did not tell her mother or anyone else about the rape until a number of weeks after the incident and that her mother had washed and then disposed of the bloody panties that she had worn. Additional testimony established that the victim was given a medical examination after she reported the incident and that no samples were taken from the mattress upon which the incident occurred. Appellant did not establish any facts to support a conclusion that there was any evidence that might have been subjected to scientific testing and that would have been admissible.

Because the victim did not immediately report the incident, any samples that might be later obtained through a medical exam or further investigation would not have been relevant to the charge at issue. As a consequence, appellant failed to demonstrate the prejudice required by the second prong of the *Strickland* test as to the specific actions that he alleged counsel should have performed. *See Wheat v. State*, 297 Ark. 502, 763 S.W.2d 79 (1989) (per curiam) (holding that a petitioner did not demonstrate prejudice where he did not explain what specific investigative action counsel should have taken and why it was needed to prepare for trial).

■ Appellant had the burden to prove his allegations for postconviction relief. *Viveros v. State*, 2009 Ark. 548, 2009 WL 3681672 (per curiam). Counsel is presumed effective and allegations without factual substantiation are insufficient to overcome that presumption. *Id.* Even if appellant demonstrated that counsel did not perform the investigative actions at issue, appellant clearly failed to demonstrate that he was prejudiced by the alleged deficiencies.

■ Appellant's next claim of ineffective assistance is that counsel discussed the case with the prosecution. In his other points on appeal, appellant additionally contends that counsel intentionally misled appellant concerning his competency and acted in conjunction with the prosecution. The trial court simply found that appellant had provided no factual basis for the claims. The finding was not clearly erroneous.

■ Appellant did not, in his petition or during the hearing on the petition, point to any specific incidents in which counsel had inappropriate communication with the prosecution, that demonstrated how he was misled by counsel, or that would show counsel participated in a conspiracy to convict appellant. Appellant must provide facts that affirmatively support his claims and conclusory statements cannot form the basis of postconviction relief. *Johnson*, 2009 Ark. 552, at 2, 2009 WL 3681646.

Appellant's final claims of ineffective assistance are that counsel failed to invoke the rape shield statute and failed to argue that the victim had said someone else raped her or to investigate those statements. The trial court found that the statute is ordinarily used to prevent the admission of evidence, that there was no issue that would have potentially raised an exception to that prohibition, and that counsel "went as far as he was permitted" to elicit testimony concerning other sexual conduct. The trial court's findings that

counsel was not ineffective as to these claims were not clearly erroneous; appellant did not demonstrate prejudice as to the alleged errors.

■ Appellant cites to *Wicoff v. State*, 321 Ark. 97, 900 S.W.2d 187 (1995), a case where this court reversed and remanded a circuit court's denial of postconviction relief in part because trial counsel had failed to request a hearing under the rape shield statute to explore the relevance of evidence of the victims' prior sexual conduct. As we explained in *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam), however, counsel's failure to request a hearing as to evidence of previous sexual conduct, without more, is not sufficient to demonstrate that counsel was ineffective. In *Wicoff*, the failure to request a hearing was coupled with counsel's failure to call an available witness who would have impeached one victim's testimony.

In this case, the trial was to the bench. Counsel was given an opportunity to present an argument as to admissibility of evidence of the victim's previous sexual conduct; the ₇prosecution objected to questions counsel posed during cross-examination about previous claims similar to the one at issue. The statute, however, requires a hearing and written findings of fact in order for evidence of prior sexual conduct to be admitted. Ark.Code Ann. § 16–42–101(c) (Repl.1999). If counsel had exculpatory evidence to present, the only proper means to seek admission was through a request for a hearing. Even if counsel erred in failing to request such a hearing, appellant in this case did not establish that, had counsel requested a hearing, his arguments for admission of the evidence would have been effective.

In the hearing on appellant's Rule 37.1 petition, he presented only vague descriptions of the evidence he would have had counsel seek to admit; counsel testified that appellant told him that the victim had made an allegation against someone else in the past. Appellant did not present any witnesses who would have testified concerning the prior incident, or otherwise establish with any precision what evidence might have been discovered through further investigation or considered at a hearing.

■ Without further establishing the nature of the evidence appellant claims counsel should have sought to admit, appellant could not establish that the evidence would have been relevant. The general rule under applicable law is to the contrary. In cases involving rape of a minor, this court has uniformly and consistently excluded evidence of the minor's prior sexual activity because the only two issues to be determined are the fact of the occurrence of the prohibited activity and the age of the minor. *White v. State*, 367 Ark. 595, 242 S.W.3d 240 (2006). Generally, when consent is not an issue, the victim's prior sexual conduct with ₈another person is entirely collateral. *State v. Blandin*, 370 Ark. 23, 257 S.W.3d 68 (2007).

Appellant did not make a showing that the evidence fell within a limited exception to the general rule. There was no basis to support a claim that the evidence was needed to rebut the inference that the child received her knowledge of sexual matters from the alleged encounters with appellant.[1] *See id.* In that regard, the circumstances here are unlike those in *Wicoff*.

---

1. In this case, the victim was thirteen years old at the time of trial. She testified that she had told her mother that she had her period to explain blood on her panties, although she had not had a period before or after the incident.

Appellant did not establish that there was potentially relevant evidence to be discovered, or that counsel could have sought to admit, that was suitably compelling so as to overcome its highly prejudicial nature through strong probative value, as section 16–42–101(c) requires. Appellant did not therefore meet his burden as to a showing of prejudice.

██ In appellant's second point, he contends that the prosecution led the victim throughout her testimony and engaged in prosecutorial misconduct. Claims of prosecutorial misconduct are not cognizable in Rule 37.1 proceedings. *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006). Even if appellant's argument could be construed as a claim that counsel was ineffective for failing to object to leading questions, the trial court found that few leading questions were asked and those asked did not suggest new information to the victim not already elicited.

██ Leading questions may be asked on direct examination to develop the testimony, and are not barred where the question does not suggest a particular answer. *Moore v. State,* 362 Ark. 70, 207 S.W.3d 493 (2005); Ark. R. Evid. 611(c) (2009). The practice of examining a child witness through leading questions, taking into consideration the age and shyness of the witness, has been approved by this court as being within the sound discretion of the trial judge. *Jackson v. State,* 290 Ark. 375, 720 S.W.2d 282 (1986). Appellant did not demonstrate that an objection on the basis that the prosecution was leading would have had merit under the circumstances here. The trial court did not clearly err in finding that counsel was not ineffective on this issue.

██ In appellant's final point on appeal, he alleges error in that the trial court allowed introduction of testimony concerning the rape without supporting technological evidence, and he asserts that he is actually innocent of the charges. It is not clear from the order denying postconviction relief that appellant received a ruling on this issue as an allegation of trial error. An appellant has an obligation to obtain a ruling on any issue to be preserved for appeal. *Johnson v. State,* 2009 Ark. 460, 344 S.W.3d 74.

██ In any event, appellant's claim is a direct challenge to the sufficiency of the evidence and is not cognizable in Rule 37.1 proceedings. *See Sanford v. State,* 342 Ark. 22, 25 S.W.3d 414 (2000) (citing *O'Rourke v. State,* 298 Ark. 144, 765 S.W.2d 916 (1989) (per curiam)). Appellant's assertions of due-process violations are likewise allegations of trial error that could have been raised at trial or on appeal and may not be raised in Rule 37.1 proceedings. *Viveros,* 2009 Ark. 548, at 4–5, 2009 WL 3681672. To the extent that appellant may have framed this issue as a question of ineffective assistance, the claims were addressed in the preceding points on appeal. Because we find no error in the trial court's denial of postconviction relief, we affirm.

Affirmed.