2011 Ark. 392

**David Lee VANCE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–160.**

Supreme Court of Arkansas.

Sept. 29, 2011.

The Cannon Law Firm, P.L.C., by: David R. Cannon, North Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Christian Harris, Ass't Att'y Gen., and Sydney Butler, Law Student, for appellee.

COURTNEY HUDSON HENRY, Justice.

Appellant David Lee Vance appeals an order of the Saline County Circuit Court convicting him of raping his fourteen-year-old daughter, B.V., and sentencing him to twenty years' imprisonment in the Arkansas Department of Correction. For reversal, appellant challenges the sufficiency of the evidence to support the rape conviction and argues that the circuit court abused its discretion and violated his Confrontation

Clause rights by excluding evidence under the rape-shield statute. We have jurisdiction pursuant to Arkansas Supreme Court Rule 1–2(b)(6) (2011). We affirm.

On June 5, 2009, the State filed a felony information, charging appellant with one count of rape. At trial, B.V. testified that she lived with her mother and visited her father once a month. B.V.'s room at her father's house became cluttered with his belongings, and as a result, she began sleeping in his bed. B.V. recalled an overnight visit in May 2008 when she went to the liquor store with her father, and he offered her an alcoholic drink when they got home. She became intoxicated and described the feeling as "dreamlike." She remembered spilling some alcohol on her shirt and changing it. The next morning, she awoke to find that she was bleeding from her vaginal area. B.V. testified that she did not remember anything between changing her shirt and waking up the next morning. She also testified that she did not tell anyone about the bleeding because she was concerned that her mother would become angry at her for drinking.

B.V. further recalled an overnight visit in October 2008 when she and her father drank substantial quantities of alcoholic beverages at his home after a Halloween event. Appellant suggested that they play a drinking game and added a "twist" that included a dare. Appellant dared B.V. to lie on the sofa without underwear. At that time, appellant engaged in sexual intercourse with her. Appellant later dared her to watch pornography and to perform a scene from the video. When appellant stopped the video, the scene depicted oral sex, and he forced B.V. to perform oral sex upon him. B.V. testified that she felt sick and went to the bathroom to clean herself. Later that evening, after falling asleep in appellant's bed, she awoke in the middle of the night with appellant placing her hand on his penis, pulling off her underwear, and having sexual intercourse with her. The next morning, she noticed some vaginal bleeding and knew that it was not menstrual blood. B.V. testified that she told her best friend, K.W., and another friend, T.M., who encouraged her to visit a school counselor. She further testified that she was fearful she was pregnant.

T.M. also testified at trial. T.M. stated that B.V. appeared upset one day and confided in her that appellant had been abusing her. T.M. insisted that B.V. inform a counselor at the school. Although B.V. seemed reluctant at first, she visited the school counselor, Jennifer Brezee, and told her about the sexual encounters with appellant. Brezee, a licensed social worker, testified that, in 2008, T.M. approached her about B.V. Brezee spoke with B.V., who stated that her father supplied her with alcohol, had sexual intercourse with her, and subjected her to pornography. Brezee testified that B.V. explained that she experienced vaginal bleeding after having sexual intercourse with her father. With that information, Brezee contacted the child-abuse hotline.

K.W. testified that she and B.V. were best friends but that she would not lie for B.V. K.W. testified that B.V. divulged the details of the rapes to her. According to K.W., B.V. explained that the incidents occurred on two different nights when appellant supplied alcohol to B.V. Shannon Fontenot, who previously investigated the case as an officer with the Arkansas State Police, testified that B.V. revealed that her father had penetrated her. Dr. Jerry Jones, a pediatrician at Arkansas Children's Hospital, testified that he performed an examination of B.V., and he stated with a reasonable degree of certainty that B.V. experienced penetration of the vagina. Mike Shepard, a bank employee at Metropolitan National Bank, testified

that appellant made a purchase at Cloverdale Liquor for $57.06 on October 3, 2008. Mark Stonesipher, the owner of Cloverdale Liquor, confirmed that appellant purchased alcohol on that date.

After the State's case-in-chief, appellant made a motion for directed verdict, and the circuit court denied appellant's motion. In his defense, appellant testified and denied giving B.V. any alcoholic drinks or molesting her. Appellant renewed his motion for directed verdict, which the circuit court denied. After deliberations, the jury convicted appellant of raping B.V. and sentenced him to twenty years' imprisonment. The circuit court entered an order reflecting the judgment and sentence. From that order, appellant brings his appeal.

For the first point on appeal, appellant argues that the circuit court erred in denying his motion for directed verdict. Specifically, appellant challenges the sufficiency of the evidence to establish that appellant penetrated his daughter. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Taylor v. State*, 2011 Ark. 10, 370 S.W.3d 503. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.* Substantial evidence is that evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is a minor and the actor is the victim's guardian. Ark.Code Ann. § 5–14–103(a)(4)(A)(i) (Supp.2011). "Sexual intercourse" means "penetration, however slight, of the labia majora by a penis." Ark.Code Ann. § 5–14–101(11) (Supp.2011). "Deviate sexual

activity" is defined as "any act of sexual gratification" involving "the penetration, however slight, of the anus or mouth of a person by the penis of another person[.]" Ark.Code Ann. § 5–14–101(1)(A). "Guardian" is defined as "a parent, stepparent, legal guardian, legal custodian, foster parent, or any person who by virtue of a living arrangement is placed in an apparent position of power or authority over a minor[.]" Ark.Code Ann. § 5–14–101(3). A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008). It is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Id.*

Here, the minor victim's testimony constitutes substantial evidence that appellant raped her. At trial, B.V. recounted two incidents of sexual intercourse. The first incident occurred on the sofa after consuming alcohol while playing a drinking game, and the second incident occurred in the middle of the night. Further, B.V. testified that appellant forced her to perform oral sex while subjecting her to pornography. Although appellant denied raping his daughter, B.V.'s testimony alone serves as substantial evidence to support appellant's rape conviction. The jury deemed B.V.'s testimony worthy of belief, and the jury's conclusion on credibility is binding on this court. *Thomas v. State*, 266 Ark. 162, 583 S.W.2d 32 (1979). Further, Dr. Jones testified that B.V.'s examination revealed findings consistent with penetration. Thus, we hold that substantial evidence supports appellant's rape conviction, and the circuit court did not err in denying appellant's motion for directed verdict.

For the second point on appeal, appellant argues that the circuit court abused its discretion in denying appellant's motions for the admission of certain rape-shield evidence involving an alleged relationship between B.V. and K.W. Appellant asserts that his Confrontation Clause rights were violated when the circuit court excluded, under the rape-shield statute, his proffered evidence that B.V. and K.W. were engaged in a teenage-lesbian relationship prior to trial and that the two girls displayed sexual activity in front of appellant.

At the outset, we decline to reach appellant's Confrontation Clause argument. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had the opportunity to rule on them. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007). It is the obligation of an appellant to obtain a ruling from the trial court in order to preserve an issue for appellate review. *Kelley v. State*, 2011 Ark. 175, 2011 WL 1522527 (per curiam). Failure to obtain a ruling precludes our review of that argument on appeal. *Id.* Here, appellant cited *Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), which does not concern the Confrontation Clause, and argued to the circuit court that the exclusion of the evidence "would be to deny him full due process, and it prevents him from offering a full and complete defense[.]" However, appellant simply cited the holding in *Holmes, supra*, and asserted that the *Holmes* case would "trump" any rule of evidence regarding relevancy. Thus, appellant failed to make a specific Confrontation Clause argument to the circuit court, and he did not obtain a ruling on it. For these reasons, we decline to address appellant's Confrontation Clause argument for the first time on appeal. *See Kelley, supra.*

Turning to appellant's rape-shield argument, we note that our standard of review for evidentiary rulings is that circuit courts have broad discretion and that a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Allen v. State*, 374 Ark. 309, 287 S.W.3d 579 (2008). More specifically, with regard to evidence subject to the rape-shield statute, we have said that the circuit court is vested with a great deal of discretion in ruling whether evidence is relevant. *Id.* We will not reverse the circuit court's decision as to the admissibility of rape-shield evidence unless its ruling constitutes clear error or a manifest abuse of discretion. *Id.*

The rape-shield statute provides that evidence of specific instances of the victim's prior sexual conduct with any person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim or for any other purpose. Ark.Code Ann. § 16–42–101(b) (Repl.1999). However, evidence directly pertaining to the act upon which the prosecution is based, or evidence of the victim's prior sexual conduct with any person, may be admitted if its relevancy is determined by the court. Ark.Code Ann. § 16–42–101(c). The purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45 (1997). We have held that evidence intended to impeach a victim's credibility is improper under the rape-shield statute, especially in

cases in which the defendant is accused of raping someone under the age of fourteen, because "[w]hen consent is not an issue, whether the victim had sexual relations with another person is 'entirely collateral.'" *M.M. v. State,* 350 Ark. 328, 333, 88 S.W.3d 406, 409 (2002).

In the present case, appellant filed two pretrial motions for the admission of rape-shield evidence. In his motions, appellant stated that he sought to introduce evidence of allegations of sexual contact between B.V. and K.W. The circuit court subsequently considered appellant's rape-shield motions at a pretrial hearing. In seeking to admit this evidence, appellant claimed that the two girls had previously kissed one another and had fondled each other's breasts in front of him. Appellant argued that this evidence was relevant to show the bias of both girls and to explain any inconsistencies in their prior statements. The State responded that any alleged sexual conduct between the two girls was highly prejudicial and was inadmissible under the rape-shield statute. After hearing the parties' arguments, the circuit court excluded the evidence, ruling that the prejudicial effect would far outweigh the probative value. The court stated that appellant could ask whether the two girls were close friends but that further inquiry into their relationship would not be allowed, unless they opened the door by denying their friendship. At trial, appellant again proffered his allegations after B.V.'s testimony, and the circuit court reiterated its previous ruling.

Here, the circuit court properly denied appellant's rape-shield motions. We have stated that, when consent is not an issue, whether the victim had sexual relations with a third person is entirely collateral and therefore is not relevant. *State v. Townsend,* 366 Ark. 152, 233 S.W.3d 680 (2006) (citing *Evans v. State,* 317 Ark. 532,

878 S.W.2d 750 (1994)). Because consent is never an issue in a rape-by-guardian case, the question of whether the two girls displayed any sexual conduct toward one another is entirely collateral. *See M.M., supra.* Even if we concluded that the girls' conduct was relevant, giving due deference to the trial court, as we are pledged to do, we cannot say that the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403 (2011). Such matters are properly left to the sound discretion of the trial court. *Beed v. State,* 271 Ark. 526, 609 S.W.2d 898 (1980). Therefore, we hold that the circuit court did not abuse its discretion in denying appellant's rape-shield motions. Accordingly, we affirm.

Affirmed.