SLIP OPINION



Cite as 2015 Ark. App. 438

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–884

| | | |
|---|---|---|
| T.E. | | **Opinion Delivered** SEPTEMBER 2, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NO. J-13-451-D] |
| | | |
| STATE OF ARKANSAS | | HONORABLE THOMAS E. SMITH, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## DAVID M. GLOVER, Judge

T.E. was adjudicated delinquent on one count of second–degree sexual assault for touching his six–year–old female cousin's vaginal area with his fingers; he was placed on twenty–four months' probation. T.E. was seventeen years old at the time. His sole argument on appeal is that the trial court erred when it failed to allow him to present evidence regarding the victim's prior sexual knowledge and prior allegations. We affirm.

T.E. filed a motion to admit evidence of the victim's prior sexual conduct; in response, the State moved to dismiss that motion and filed a motion in limine to exclude irrelevant hearsay evidence. The trial court took up these motions in a pretrial hearing and excluded evidence concerning the victim's prior sexual allegations and other allegations the victim had allegedly made, finding the evidence was not admissible under Rule 403 of the Arkansas Rules of Evidence. T.E. argues that this ruling was in error.

Rule 401 of the Arkansas Rules of Evidence defines "relevant evidence" as "evidence

SLIP OPINION

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion regarding evidentiary rulings, and a trial court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion. *Alley v. State*, 2015 Ark. App. 31.

At the pretrial hearing, T.E. presented witnesses who testified regarding the victim's propensity to lie, as well as the fact that she had an opportunity to gain sexual knowledge from previous encounters. Angela Sharp, T.E.'s mother and the victim's great-aunt, testified that while she did not hear the victim make an accusation of sexual touching, she did hear the victim tell her parents[1] that her daddy had beaten her that weekend, was mean to her, and had locked her in her room. Sharp was of the opinion that the victim was making these statements to get attention. The trial court refused to allow this testimony under Rule 403, stating that there was little probative value.

E.S., T.E.'s sixteen-year-old sister, testified that she had babysat the victim on several occasions, and she had problems with the victim telling lies. It was E.S.'s opinion the victim lied more than normal kids her age, and the victim would lie in an effort to keep her mother at home. E.S. testified that on one occasion while she was babysitting, the victim accused some

---

[1]The people the victim told were her mother and her mother's boyfriend.

neighborhood boys of touching her private area, but when E.S. confronted the boys and their mother, the boys denied it, and there was no further investigation. The trial court refused to allow this testimony into evidence, finding low probative value. E.S. further testified that the victim's mother, Sara Carman, and Ms. Carman's boyfriend, Paul Davis, had acted inappropriately in front of the victim and her siblings by touching each other in a sexual manner in front of the children. E.S. stated that Carman and Davis had also engaged in sexual intercourse while two of the victim's siblings were present. The trial court again refused to allow this testimony under Rule 403.

C.S., T.E.'s fourteen-year-old brother, testified that he had witnessed Davis grab Carman's chest and "downstairs area" in front of the victim. The trial court refused to allow this evidence under Rule 403.

Michelle Caswell, T.E.'s aunt (but no relation to the victim), testified that she had heard the victim say that her father had touched her on the "private area down below" a lot. The trial court refused to allow this testimony into evidence.

In a sexual–assault case based on age, the victim's prior sexual history is entirely collateral and generally inadmissible. *M.M. v. State*, 350 Ark. 328, 88 S.W.3d 406 (2002). However, a narrow exception exists for the limited purpose of showing an alternative source of sexual knowledge on the part of the minor victim. *State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006). In *Townsend*, our supreme court adopted a five-factor test from *State v. Pulizzano*, 456 N.W.2d 325 (Wis. 1990), to be used in determining whether evidence of a child victim's prior sexual conduct is admissible to show the child's basis of sexual knowledge. In order for

evidence to be admissible, the defendant must offer proof (1) that the prior act clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to the defendant's case; and (5) that the probative value of the evidence outweighs its prejudicial effect. *Townsend*, 366 Ark. at 158, 233 S.W.3d at 685. Our supreme court held that "a comparison of the child's descriptions of the respective sexual encounters is relevant in cases such as these, because if a description is given after the first incident but before the second, it provides a basis for an assessment and comparison of the child's degree of sexual knowledge at the time of each incident." *Id*.

This five-prong test applies only to E.S.'s testimony regarding the "neighborhood boys" incident and Caswell's testimony that she had heard the victim say that her father had touched her private area. However, both of these instances fail to meet the first prong of the *Pulizzano* test—there was no evidence that the prior act clearly occurred. When E.S. asked the boys and their mother about the touching, it was denied, and no further action was taken. Likewise, there was no evidence presented that the incident involving the victim's father had clearly occurred—there was no evidence that an investigation had been undertaken or that charges had been filed. Therefore, neither of these instances was admissible because the first factor was not met.

With regard to the proffered evidence, we hold that the trial court's denial to allow this testimony into evidence was not an abuse of discretion.

Affirmed.

HARRISON and KINARD, JJ., agree.

4

 

*Margo D.Warner*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.