Karen R. Baker, Justice, concurring.
I agree with the majority's decision to affirm on direct appeal and to dismiss on cross-appeal, however, I write separately because I would employ a different analysis on direct appeal.
The majority states that "[r]elevance is an extremely low burden that is met whenever the evidence has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Ark. R. Evid. 401." The majority then goes on to state that "[a]s would be true in any case when two witnesses have a romantic sexual history , the fact that KV and EP had been engaged in sexual activity would have influenced the jury's impression of each girl's demeanor and testimony concerning each other. Thus, the excluded evidence would have been relevant to the proceedings because it could have been used to suggest bias or a motivation to lie." (Emphasis added.) After concluding that in "any case when two witnesses have a romantic sexual history," their sexual history is automatically relevant, the majority analyzes whether the additional probative value of KV and EP's sexual history would have been outweighed by its prejudicial effect.
However, in my view, the evidence of the prior sexual relationship between KV and EP was inadmissible in Mouton's trial for sexual assault because it was not relevant. Stated differently, because the prior sexual relationship between KV and EP was not relevant, my analysis would end there, and I would not consider whether the additional probative value of this evidence would have been outweighed by its prejudicial effect. Pursuant to Arkansas Code Annotated section 16-42-101, the purpose of the rape-shield statute is to shield victims of sexual abuse from the humiliation of having their sexual conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. Vance v. State , 2011 Ark. 392, 384 S.W.3d 515 (citing Graydon v. State , 329 Ark. 596, 953 S.W.2d 45 (1997) ).
Here, Mouton was clearly able to thoroughly examine KV and EP regarding the closeness of their friendship. Further, based on testimony from the rape-shield hearing, KV disclosed the sexual-assault allegations to EP well before Mouton "fired" McKinney from the booster club. Therefore, I am unable to determine how KV and EP's sexual relationship would have been relevant to the proceedings, specifically to suggest bias or motivation. Thus, here, the purpose of the rape-shield rule is served by excluding the evidence of KV and EP's sexual relationship. Accordingly, based on our standard of review, I cannot say that the circuit court abused its discretion in excluding this evidence and I would affirm on direct appeal.
Wood and Wynne, JJ., join.