2011 Ark. 327

**Jeffery HAYES, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–147.**

Supreme Court of Arkansas.

Sept. 8, 2011.

Jeffery Hayes, pro se appellant.

No response.

PER CURIAM.

Appellant Jeffery Hayes appeals from the circuit court's order denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). Hayes asserts several points of error, including that the circuit court erred in (1) denying him an evidentiary hearing on his petition, (2) not finding his counsel ineffective for failing to perform a pretrial investigation, (3) not finding his counsel ineffective for failing to interview and call known witnesses, (4) not finding his counsel ineffective for failing to consult or call an expert witness, (5) not finding his counsel ineffective for failing to file a motion to suppress evidence, (6) not finding his counsel ineffective for failing to file a motion for speedy trial, (7) not finding his counsel ineffective for failing to dismiss a potential juror during voir dire, and (8) not finding juror misconduct. We affirm the circuit court's order.

Following a jury trial in 2008, appellant was found guilty of two counts of rape and two counts of kidnapping and was sentenced to 600 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hayes v. State*, 2009 Ark. App. 133, 2009 WL 476072. In 2009, appellant filed his petition for postconviction relief under Rule 37.1, alleging several grounds, including ineffective assistance of counsel, jury misconduct, judicial bias, perjury by a witness, and prosecutorial misconduct.[1] The

---

1. Appellant raised a number of issues in his petition before the trial court that he has not

circuit court denied his petition, and he now brings this appeal.

 This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Kelley v. State*, 2011 Ark. 175, 2011 WL 1522527 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

 In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (per curiam). Under the two-pronged *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* at 3. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed |₃from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

As to the second prong of *Strickland,* the claimant must demonstrate that coun-

sel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. *Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam). Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

## I. *Pretrial Investigation*

 Appellant first contends that his counsel failed to conduct an adequate pretrial investigation, in that counsel failed to visit the club where appellant had been on the evening in question to confirm that there were metal detectors at the entrance that appellant claimed would demonstrate that he was not carrying a gun. Appellant further asserts that counsel would have discovered the layout of the club's parking lot and the lighting therein, which he claims could have been used to impeach the victims' identification of him and their testimony as to the evening's events.

 With respect to the latter claim, it is evident that appellant's argument is not preserved for our review, as he did not raise the allegations regarding the parking lot and lighting in his petition. All grounds for relief pursuant to Rule 37.1 must be asserted in the original or an amended petition. Ark. R.Crim. P. 37.2(e); *Lee v. State*, 2010 Ark. 261, 2010 WL 2132249 (per curiam). We do not consider issues that are raised for the first time on appeal. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam).

|₄As to the former, appellant's contention has no merit. Had trial counsel investigated whether the club indeed had metal de-

---

raised in this appeal. Claims raised below but not argued on appeal are considered

abandoned. *Anderson v. State,* 2010 Ark. 404, 373 S.W.3d 876 (per curiam).

tectors, any evidence produced would have had little, if any, relevance. Whether appellant had a gun inside of the club is of no moment because the kidnappings and rapes took place in a field outside of the club and in an apartment at a separate location. Appellant's petition failed to set forth factual substantiation to demonstrate prejudice. *White v. State*, 2009 Ark. 225, 2009 WL 1098758 (per curiam).

## II. *Failure to Interview and Call a Witness*

Appellant next asserts that his counsel was ineffective for failing to interview and call Marine Thompson as a witness on his behalf. Appellant claims that Thompson would have testified regarding the amount of alcohol consumed by the victims on the evening in question, thereby calling into question their identification of him that same night. Again, appellant's argument fails.

The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Woody v. State*, 2009 Ark. 413, 2009 WL 2971758 (per curiam). It is incumbent on the petitioner who claims ineffective assistance based on failure to call a witness to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Shipman v. State*, 2010 Ark. 499, 2010 WL 5185781 (per curiam). In order to demonstrate prejudice, appellant was required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Id.* While he claims that the testimony as to the victims' state of mind would have shown that they misidentified

him, appellant testified at trial and admitted to being in the victims' presence that evening. Appellant simply failed to demonstrate actual prejudice.

## III. *Expert Witness*

Appellant further contends that his counsel was ineffective for failing to consult with or call an expert witness to testify. He maintains that the witness could have testified to the likelihood of a person having unprotected sex, yet failing to leave behind any DNA evidence. At trial, Detective Stuart Sullivan testified that neither rape kit performed on the victims revealed appellant's DNA. It appears that appellant's argument is that, had he engaged in unprotected sex with either of the victims, his DNA would have likely been found. He contends that, had an expert testified in the manner set forth above, it would have discredited one victim's testimony. Even had an expert testified in the manner wished by appellant, it does not follow that such testimony would have completely negated the victim's testimony, as the jury would have been free to believe all or part of the testimony and to resolve questions of conflicting testimony. *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46 (per curiam). We cannot say that the trial court erred in concluding that such testimony by an expert would not have been sufficient to raise the probability that the outcome of the trial would have been different.

## IV. *Suppression of Statements*

Appellant next asserts that his trial counsel was ineffective for failing to file a motion to suppress his statements to police. He contends that, with respect to one statement, his *Miranda* rights were violated, and, as to his other statement, the tape was unreliable due to portions of it being inaudible. With respect to the first state-

ment, which was not admitted into evidence, but was introduced by the State to refresh appellant's memory during cross-examination, appellant's petition lacked any facts that would support a showing of prejudice as he failed to show how a motion to suppress the statement could have been successful.

■ Nor has he made such a showing regarding the second statement that he gave to police, which was admitted at trial. Instead, he simply states that portions of the tape were inaudible. Appellant's argument in his petition simply assumed that a suppression motion would have been granted. Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Mitchem v. State*, 2011 Ark. 148, 2011 WL 1319579 (per curiam). Appellant was required, therefore, to demonstrate that he could have prevailed on the motion, even if it was error, or was not reasonable, not to have pursued it. *Id.* He did not do so.

### V. *Speedy Trial*

■ Appellant also argues that his counsel was ineffective for failing to assert a speedy-trial violation on his behalf. The circuit court, however, found that two periods of time were excludable based on entries in the docket. Our review of the record reveals that appellant's petition did not demonstrate a meritorious objection that counsel could have presented on the speedy-trial question.

As already noted, counsel is not ineffective for failing to make an argument that is meritless. *Shipman*, 2010 Ark. 499, 2010 WL 5185781. Accordingly, appellant must have stated a claim that was adequate to have established a violation, taking into account the periods excluded. *Id.* He does not now assert that the periods were not properly excluded, but reasserts his initial claim that his attorney should have object-

ed at trial on the basis of the rule. In his petition, appellant merely stated the length of time that he awaited trial. Again, appellant's petition simply lacked any factual basis for his claim, and the circuit court did not clearly err in denying the petition on this basis.

### VI. *Dismissal of Juror*

■ Appellant next contends that his counsel was ineffective for failing to dismiss a potential male juror in his trial, who appellant claims was the victim of a violent crime. To prevail on an allegation of ineffective assistance of counsel with regard to jury selection, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). To accomplish this, a petitioner must demonstrate actual bias, and the actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. *Id.* Bare allegations of prejudice due to counsel's conduct during voir dire which are unsupported by any showing of actual prejudice do not establish ineffective assistance of counsel. *Id.*

The record on appeal demonstrates that during voir dire, the juror at issue readily acknowledged having been the victim of a violent crime when questioned by appellant's trial counsel. However, when questioned further, the juror stated that there was nothing about the experience that would cause him problems were he seated on the jury. He further stated that there was nothing negative in his interactions with the State or police that would cause him difficulty. Appellant has presented nothing to show that the juror was actually biased, and he has not demonstrated that he was prejudiced by counsel's conduct to the point that he was denied a fair adjudication of his guilt.

## VII. *Juror Misconduct*

Appellant next alleges juror misconduct. Specifically, he asserts that one or two jurors deliberately concealed the fact that their husbands were retired police officers. We need not address this claim, however, because the claim is not cognizable in a Rule 37.1 petition. *Wallace v. State*, 2010 Ark. 485, 2010 WL 5059600 (per curiam).

## VIII. *Failure to Provide a Hearing*

As a final matter, we address appellant's contention that the circuit court erred in not conducting a hearing on his petition for postconviction relief. Arkansas Rule of Criminal Procedure 37.3(a) requires an evidentiary hearing in a postconviction proceeding unless the files and records of the case conclusively show that the petitioner is entitled to no relief. *Joiner v. State*, 2010 Ark. 309, 2010 WL 2539761 (per curiam). A court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Id.* Here, appellant failed to establish that the petition filed in the trial court contained a claim for relief that warranted an evidentiary hearing.

Affirmed.