Cite as 2013 Ark. 348

# SUPREME COURT OF ARKANSAS

No. CR-11-1149

| | |
|---|---|
| FELTON EARL SINGLETON<br><br>                             APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                              APPELLEE | **Opinion Delivered** September 26, 2013<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, 60CR-09-3259, HON. HERBERT WRIGHT, JR., JUDGE<br><br><br>AFFIRMED. |

## PER CURIAM

In 2010, a jury found appellant Felton Earl Singleton guilty of possession of cocaine with intent to deliver, possession of methamphetamine with intent to deliver, possession of marijuana with intent to deliver, maintaining a drug premises, and tampering with physical evidence. An aggregate sentence of forty years' imprisonment was imposed. The Arkansas Court of Appeals affirmed the conviction. *Singleton v. State*, 2011 Ark. App. 145.

Appellant subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The trial court denied the petition without a hearing, and appellant brings this appeal. This court has held that it will reverse a decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. We find no error and affirm.

When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole

SLIP OPINION

question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in finding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___. On appeal, appellant argues that the trial court erred in failing to hold an evidentiary hearing on his Rule 37.1 petition, which he contends would have allowed him to present evidence to support his claim that his counsel was ineffective in not calling a witness, Freddie Dorn, to testify in his defense. Appellant also attempts to raise the argument that his trial counsel provided ineffective assistance in withdrawing his motion to suppress evidence. While appellant also seems to argue for the first time that the testimony of a confidential informant should have been elicited, we do not consider issues raised for the first time on appeal. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the

time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, ___ S.W.3d ___; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant first argues that the trial court erred in failing to grant him an evidentiary hearing on his Rule 37.1 petition, and that this matter should be remanded for a hearing to be held. In support of this contention, he claims that a factual basis existed to support a finding that his counsel was ineffective in not calling a witness, Freddie Dorn, to testify that the drugs

SLIP OPINION

found during a police raid belonged to him rather than to appellant. Appellant bases his claim on an affidavit, attached to his Rule 37.1 petition and signed by Dorn, in which Dorn states that the cocaine and marijuana belonged to him.

Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in a post conviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes*, 2011 Ark. 327, 383 S.W.3d 824. Where it dismisses a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. Here, the trial court relied extensively on the record to support its written findings that appellant was not entitled to relief, and appellant fails to establish that his claim for relief warranted an evidentiary hearing. Because the trial court complied with the requirements of Rule 37.3, there is no merit to appellant's contention that the trial court erred in not holding an evidentiary hearing.

To the extent that appellant raises the argument that we should reverse the trial court's denial of his Rule 37.1 petition based on counsel's decision not to call Dorn as a witness, we find no merit to this argument. The decision of whether to call a particular witness is a matter of trial strategy that is outside the purview of Rule 37.1. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. *Id.* When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the

fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.*

The State's evidence at appellant's trial was that a SWAT team raided a house that appellant later gave as his address in a police interview; during the raid, appellant was found lying on the floor of the bathroom at the back of the residence; several bags of marijuana were found in various locations in the house; three bags of marijuana were found underneath appellant on the bathroom floor, and eight bags were found in the toilet — amounts well above the amount for one person's use; a rock of cocaine and cocaine-methamphetamine pills in an amount to be sold were found in the toilet in the bathroom where appellant was found; and surveillance equipment allowing anyone in the house to see people approaching the front door was found inside and outside the house. Appellant's wife denied that appellant lived at the house where the raid occurred. Testifying on his own behalf, appellant admitted that he was on the bathroom floor surrounded by drugs when the officers entered the residence. He denied that the drugs were his, and he denied selling drugs out of the house. He claimed that he was just there to get high. Appellant testified that the house belonged to his son and his son's girlfriend, and that he lied about his address in the police interview. He stated that someone came over the radio saying "flush it" because the police were outside, and that someone else gave him the drugs to flush.

In its written order, the trial court cited four reasons in support of its finding that if Dorn had testified at trial, there is not a reasonable probability that the outcome of the trial would have been different. First, the court noted that Dorn's affidavit did not list the correct address of the

house where appellant was found in possession of the drugs. Second, the court stated that the affidavit and other witness testimony conflicted with appellant's testimony at trial that Dorn was not present at the house on the day that appellant was arrested. Third, the court found that appellant was convicted of possessing the drugs with the intent to deliver, not ownership of the drugs, so that ownership of the drugs was irrelevant. Finally, the court noted that appellant was convicted as a principal or an accomplice and that appellant's attempt to flush the drugs alone was sufficient to prove the charges against him.

Based on the standard set out in *Strickland*, appellant fails to establish that his counsel was ineffective for not calling Dorn as a witness. In light of the questions raised with regard to the value and credibility of Dorn's testimony, we cannot say that counsel's decision not to call Dorn as a witness was not a matter of trial strategy. Because we hold that appellant's counsel did not provide ineffective assistance, it is not necessary for us to consider whether there is a reasonable probability that the verdict would have been different if Dorn had testified. *See Strickland*, 466 U.S. at 697.

In his second point on appeal, appellant refers to the argument raised in his petition that his trial counsel provided ineffective assistance by withdrawing a motion to suppress physical evidence seized in the raid that resulted in his arrest. However, he then admits that his claim was conclusory and that the withdrawal of the motion was a matter of trial strategy. Because appellant fails to offer any support for his claim on appeal, the allegation is conclusory and does not merit further consideration. A conclusory claim is not a ground for postconviction relief. *James v. State*, 2013 Ark. 290 (per curiam). Conclusory statements without factual substantiation

are not sufficient to overcome the presumption that counsel was effective. *Id.*

Having considered the arguments raised by appellant in this appeal, the record, and the order rendered by the trial court, there is no ground on which to reverse the trial court's ruling. Accordingly, the order is affirmed.

Affirmed.

*Felton Earl Singleton*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.