SLIP OPINION

Cite as 2013 Ark. 453

# SUPREME COURT OF ARKANSAS

No. CR–12–631

ROBERT PRESTON CLAYTON
   APPELLANT

v.

STATE OF ARKANSAS
   APPELLEE

Opinion Delivered   November 7, 2013

PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT, 01CR-09-11, HON. DAVID G. HENRY, JUDGE]

APPEAL DISMISSED; MOTION MOOT.

## PER CURIAM

In 2010, appellant Robert Preston Clayton was found guilty by a jury in the Arkansas County Circuit Court, Northern District, of rape and second-degree sexual assault of his minor daughter. He was sentenced as a habitual offender to an aggregate term of 960 months' imprisonment. The Arkansas Court of Appeals affirmed. *Clayton v. State*, 2012 Ark. App. 199. Appellant subsequently filed in the circuit court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The circuit court denied appellant's petition without a hearing, and appellant timely lodged an appeal from the order.[1]

---

[1] Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying

SLIP OPINION

Now before us is appellant's motion for extension of time to file a brief. Because it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Denson v. State*, 2013 Ark. 209 (per curiam); *Roberson v. State*, 2013 Ark. 75 (per curiam).

In an appeal from a circuit court's denial of a petition for postconviction relief under Rule 37.1 based on claims of ineffective assistance of counsel, the sole question presented is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam). Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830. The petitioner has the burden of overcoming the presumption by identifying specific acts and

postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam).

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Flowers v. State*, 2010 Ark. 364, 370 S.W.3d 278 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. The burden is entirely on a petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support a claim of prejudice. *Thompson*, 2013 Ark. 179. Conclusory statements cannot be the basis of postconviction relief. *Id*. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the petitioner makes an insufficient showing on one of the prongs. *Id*. (citing *Strickland*, 466 U.S. at 697).

Appellant alleged in his Rule 37.1 petition that counsel was ineffective in failing to challenge the constitutionality of Arkansas's rape-shield statute, codified at Arkansas Code Annotated section 16-42-101 (Repl. 1999), on the ground that the statute's proscription of certain types of evidence in sex-crime cases violates the separation-of-powers doctrine.

Appellant also alleged that counsel was ineffective in failing to move to sever the charges of rape and second-degree sexual assault on the ground that the charges "were joined solely on the basis that they involved similar conduct."

A petitioner seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Hogan v. State*, 2013 Ark. 223 (per curiam) (citing *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___ (per curiam)). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

The constitutional challenge to the rape-shield statute, which appellant contended counsel should have made, would not have succeeded. A similar challenge was made in *Nelson v. State*, 2011 Ark. 429, 384 S.W.3d 534, where we explained that the rape-shield statute survives challenges under the separation-of-powers doctrine by granting wide discretion to the circuit judge and by not placing a total bar on the admissibility of certain kinds of evidence. *Nelson*, 2011 Ark. 429, at 7, 384 S.W.3d at 538; *see also M.M. v. State*, 350 Ark. 328, 88 S.W.3d 406 (2002) (citing *Sera v. State*, 341 Ark. 415, 443, 17 S.W.3d 61, 78 (2000) ("We do not view the statute as having supplanted this court's rulemaking power and ability to control the courts.")).

Likewise, appellant failed to demonstrate in his petition that counsel could have

4

SLIP OPINION

pursued a successful motion to sever the charges of rape and second-degree sexual assault.[2] To demonstrate that counsel could have successfully pursued a motion to sever, appellant must have shown that the charges were not part of a single scheme or plan or that the same body of evidence would not be offered to prove each offense. *See* Ark. R. Crim. P. 22.2(a) (2010); *see also Watson v. State*, 2012 Ark. 27 (per curiam); *White v. State*, 370 Ark. 284, 259 S.W.3d 410 (2007). The testimony at trial indicated that, on one evening, appellant entered the victim's bedroom, lay down behind her, began touching the upper part of her leg, and placed his hand inside of her bra. The victim further testified that appellant then touched the inside of her vagina with his finger and attempted to place his penis inside of her vagina. The charged crimes were part of a single scheme or plan as they occurred during the course of one evening with no lapse of time separating the sexual assault and the rape by digital penetration, and the same evidence was offered to prove the three charges; thus, a motion to sever the charges would not have been successful. Because appellant did not demonstrate that a constitutional challenge to the rape-shield statute or a motion to sever would have had any merit, the circuit court did not err in denying relief on these claims of ineffective assistance.

As his third and final ineffective-assistance-of-counsel claim, appellant alleged in his petition that counsel was ineffective in failing to prepare for the sentencing phase of trial. Specifically, appellant argued that he was prejudiced during the sentencing phase of trial

---

[2]Appellant was charged with two counts of rape, one count involving digital penetration and one count involving penile penetration, as well as one count of sexual assault in the second degree. The jury found appellant guilty of one count of rape involving digital penetration and of second-degree sexual assault. A mistrial was declared on the rape charge involving penile penetration because the jury was unable to reach a verdict.

because he was sentenced as a habitual offender after the jury was made aware of his prior convictions. While the circuit court gave wide berth to this claim, appellant did not delineate any specific action or lack of action by counsel, other than the conclusory allegation of lack of preparation, to substantiate his claim of ineffective assistance.[3] Petitions that state only a conclusion are patently deficient in that there can be no showing of actual prejudice to the petitioner without factual support for the allegations made by him. *Smith v. State*, 290 Ark. 90, 717 S.W.2d 193 (1986). General assertions that counsel did not prepare for trial do not provide sufficient grounds for an ineffective-assistance-of-counsel claim. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918.

This court has held that it will not reverse a decision granting or denying postconviction relief unless that decision is clearly erroneous. *Singleton v. State*, 2013 Ark. 348 (per curiam); *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hickey*, 2013 Ark. 237, ___ S.W.3d ___. After reviewing the record on appeal, as well as the preserved arguments presented in appellant's late-tendered appellate brief, it is clear that the circuit court did not err in denying appellant's request for postconviction relief, and appellant could not prevail if the appeal were permitted to go forward. Therefore, we dismiss the appeal and hold appellant's motion for extension of time moot.

Appeal dismissed; motion moot.

*Robert Preston Clayton*, pro se appellant.
No response.

---

[3]In its order denying relief, the circuit court interpreted appellant's third claim of ineffective assistance as being based on an assertion that counsel failed to question or challenge the enhanced sentence.