

# SUPREME COURT OF ARKANSAS

No. CR-12-577

| | |
|---|---|
| LEON JACKSON RICE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered May 15, 2014<br><br>PRO SE MOTIONS TO SUPPLEMENT OR SETTLE THE RECORD, FOR EXTENSION OF TIME TO FILE BRIEF, AND FOR DEFAULT JUDGMENT, AND "NOTIFICATION AND CONSIDERATION TO THE COURT"<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-10-1733]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br>MOTIONS TO SUPPLEMENT OR SETTLE THE RECORD DENIED; APPEAL DISMISSED; MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND DEFAULT JUDGMENT AND "NOTIFICATION AND CONSIDERATION TO THE COURT" MOOT. |

## PER CURIAM

In 2010, appellant Leon Jackson Rice was found guilty by a jury in the Pulaski County Circuit Court of possession of a controlled substance (cocaine) and resisting arrest, and he was sentenced as a habitual offender to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Rice v. State*, CR-11-227 (Ark. App. Nov. 2, 2011) (unpublished) (original docket no. CACR 11-227). In 2012, appellant timely filed in the circuit court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal

Procedure 37.1 (2010), asserting various allegations of ineffective assistance of counsel, prosecutorial misconduct, and due-process violations. The circuit court denied the petition without a hearing,[1] and appellant timely lodged an appeal of that order in this court. Now before us are appellant's pro se motions to supplement or settle the record, for extension of time to file brief, and for default judgment, as well as a pleading entitled "Notification and Consideration to the Court," in which appellant requests that this court grant relief on the pending motions.

We previously granted appellant's request to supplement the record and issued a writ of certiorari to the circuit court to provide a supplemental record containing the transcript and record of appellant's plea-and-arraignment hearing held on June 16, 2010, that was referenced in the order denying postconviction relief. *Rice v. State*, 2013 Ark. 167 (per curiam). We acknowledged that, in his previous request, appellant referenced several documents in addition to the transcript of the plea-and-arraignment hearing; however, we declined to include those documents in the writ of certiorari issued to the circuit court because the trial court did not reference the documents in its order. *Id.* In the pending motions to supplement or settle the record now before us, appellant again seeks to have the record supplemented with documents not referenced by the circuit court in its order denying postconviction relief. As was the case

---

[1]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

before, appellant has not demonstrated that the requested documents should be included in the record on appeal. We therefore deny appellant's motions to supplement or settle the record.

Because it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal, and appellant's remaining motions and pleading are moot. An appeal of the denial of postconviction relief will not be allowed to proceed when it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam).

In the Rule 37.1 petition, appellant alleged that trial counsel was ineffective for conspiring with the prosecutor, failing to file motions, failing to "challenge alteration of charges," and failing to challenge probable cause. When considering an appeal from the denial of a Rule 37.1 petition, the sole question presented is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam); *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Hickey*, 2013 Ark. 237, ___ S.W.3d ___; *Springs*, 2012 Ark. 87, 387 S.W.3d 143. A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830.

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Springs*, 2012 Ark. 87, 387 S.W.3d 143. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Id.* There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the appellant makes an insufficient showing on one of the prongs. *Id.* (citing *Strickland*, 466 U.S. at 697).

As the circuit court found in its order, appellant's claims of ineffective assistance do not warrant relief as they are either refuted by the record or lack factual substantiation. The record does not reflect that any charges were changed by the prosecutor,[2] and appellant did not identify in the petition which charges were changed by the prosecutor or the manner in which they were changed. Nor does the record reflect that trial counsel failed to timely file a notice of appeal.

---

[2]The record does reflect that the felony information was amended to include the charge of second-degree battery; however, the amendment was made prior to trial, and appellant was acquitted on this charge.

4

Appellant's remaining claims of ineffective assistance are conclusory in nature and lack any factual substantiation. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, nor do they warrant granting postconviction relief. *Wedgeworth v. State*, 2013 Ark. 119 (per curiam); *Crain v. State*, 2012 Ark. 412 (per curiam). We have repeatedly held that conclusory claims are insufficient to sustain a claim of ineffective assistance of counsel. *Wedgeworth*, 2013 Ark. 119; *Crain*, 2012 Ark. 412; *Reed v. State*, 2011 Ark. 115 (per curiam).

The remaining claims contained in appellant's petition concerned prosecutorial misconduct and due-process violations. Specifically, appellant alleged, without any factual substantiation, that the prosecutor "fabricated and falsified charges through alteration and adding untruthful accounts," conspired with the North Little Rock Police Department and appellant's court-appointed attorney to convict appellant on these "falsified" charges, and withheld the name of one of the State's witnesses. Appellant further alleged that the charges against him were not supported by probable cause,[3] that the criminal information did not apprise him of the crimes with which he was charged, and that he was denied the opportunity to be heard and to defend his case.

Not only are appellant's claims conclusory and refuted by the record, but they are also not cognizable in a Rule 37.1 proceeding. Appellant's assertions of prosecutorial misconduct

---

[3]Appellant's arguments regarding the lack of probable cause seem to stem from his misunderstanding that all criminal proceedings should have ceased when the arrest warrant was recalled. It is apparent from the record, however, that the arrest warrant was recalled because there was no need for its issuance. Service of the arrest warrant was waived on appellant's behalf at the plea-and-arraignment hearing.

SLIP OPINION

and due-process violations are allegations of trial error. *See Hale v. State*, 2011 Ark. 476 (per curiam); *Bell v. State*, 2010 Ark. 65, 360 S.W.3d 98 (per curiam) (citing *Viveros v. State*, 2009 Ark. 548 (per curiam)). Such claims of trial error, even those of constitutional dimension, must be raised at trial and on direct appeal. *Hale*, 2011 Ark. 476. Our postconviction rule does not permit a direct attack on a judgment or substitute for an appeal. *Hawthorne v. State*, 2010 Ark. 343 (per curiam). The sole exception lies in claims raised in a timely petition that are sufficient to void the judgment and render it a nullity. *Id.* Appellant did not establish with factual substantiation that any claims of prosecutorial misconduct or of due-process violations raised in the petition were sufficient to void the judgment in his case.

We will not reverse a circuit court's decision granting or denying postconviction relief unless that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. A review of the Rule 37.1 petition and the order reveals no error in the circuit court's decision to deny relief. Thus, appellant could not prevail if the appeal were permitted to proceed, and we dismiss the appeal.

Motions to supplement or settle the record denied; appeal dismissed; motions for extension of time to file brief and default judgment and "Notification and Consideration to the Court" moot.

*Leon Jackson Rice*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.