# SUPREME COURT OF ARKANSAS.

No. CR–11–227

| | |
|---|---|
| LEON RICE, JR.<br><br>                              PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                              RESPONDENT | **Opinion Delivered** January 28, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-10-1733]<br><br><br>PETITION DENIED. |

**PER CURIAM**

In 2010, petitioner Leon Rice, Jr., was found guilty by a jury in the Pulaski County Circuit Court of possession of a controlled substance (cocaine) and resisting arrest.  He was sentenced as a habitual offender to an aggregate term of 360 months' imprisonment.  The Arkansas Court of Appeals affirmed.  *Rice v. State*, CR–11–227 (Ark. App. Nov. 2, 2011) (unpublished) (original docket no. CACR 11-227).

In 2012, Rice timely filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010), asserting various allegations of ineffective assistance of counsel, prosecutorial misconduct, and due-process violations. The petition was denied, and this court affirmed the order.  *Rice v. State*, 2014 Ark. 230 (per curiam).

Now before us is Rice's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.  The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram

nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram–nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, 3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

As grounds for a writ of error coram nobis, Rice alleges that the State withheld evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The evidence alleged to have been withheld was a videotape of his arrest. He contends that the videotape would have shown that the police officers lied about the circumstances of his

arrest for possession of cocaine and resisting arrest and would support his claim of actual innocence.

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, *Taylor v. State*, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662. 303 Ark. 586, 799 S.W.2d 519 (1990).

Here, there was clearly no *Brady* violation because the trial transcript lodged on direct appeal from the judgment reflects that the videotape of the arrest was discussed in a pretrial hearing, and it was played for the jury at trial. The tape was the subject of the questioning of witnesses by both the prosecution and the defense. Rice's attorney argued at trial that the tape was incomplete in that it only captured the beginning of the arrest and that the arresting officers and Rice could not be seen at all points when Rice was alleged by the police officers to be resisting arrest. Even if the tape did not record the entire arrest, however, Rice has not shown that the tape, or any portion of it, was wrongfully withheld

from the defense. Rice has not established there was some material evidence withheld that would have prevented rendition of the judgment had it been known at the time of trial. *See Isom*, 2015 Ark. 225, 462 S.W.3d 662.

With respect to Rice's assertions that police officers were untruthful in their account of the arrest, direct attacks on the evidence adduced at trial are properly made at trial. *See Riley v. State*, 2015 Ark. 232, at 3 (per curiam). The presentation of evidence that attacks the credibility of a witness at trial constitutes a direct attack on the judgment. *Id*.; *see Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987). To the extent that Rice's allegations concerning the allegedly false testimony could be considered a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *McArthur v. State*, 2014 Ark. 367, at 7, 439 S.W.3d 681, 685, *cert. denied*, 135 S. Ct. 1432 (2015).

Finally, the State urges this court to deny coram-nobis relief on the grounds that Rice failed to exercise due diligence in bringing his claims because he waited four years from the time the judgment was affirmed to raise his claims. We need not address whether Rice was diligent because he has stated no ground for the writ. *See Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

Petition denied.